UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RICKIE OTTESEN,

    Plaintiff,

v.                                        Case No.  6:14-cv-1320-Orl-31TBS

ST. JOHNS RIVER WATER MANAGEMENT
DISTRICT,

    Defendant.

_____

## ORDER

This case comes before the Court without oral argument on Defendant's Amended Motion to Strike Portions of the Plaintiff's Prayer for Relief in the Amended Complaint (Doc. 24). Plaintiff has not filed a response to the motion and the time within to do so has expired. Accordingly, the Court treats the motion as unopposed. Cf. Barns v. Butch, No. 5:10-cv-426 (MTT), 2011 U.S. Dist. LEXIS 131500, at *2 (M.D. Ga. Nov. 15, 2011); United States of America v. Fitzgerald, Case No. 8:07-cv-1374-T-24-TBM, 2009 U.S. Dist. LEXIS 82747, at *2-3 (M.D. Fla. June 23, 2009); Pierre-Louis v. Martinez, No. 12-CV-2240 (NGG) (LB), 2014 WL 4161960, at *2 (E.D.N.Y. Aug. 19, 2014).

District courts may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). Parties employ motions to strike "to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters." McInerney v. Moyer Lumber & Hardware, Inc., 244 F. Supp. 2d 393, 402 (E.D. Pa. 2002). Still, a motion to strike is a drastic remedy generally disfavored by the courts, and will ordinarily be denied unless

the material sought to be stricken is insufficient as a matter of law. Guarantee Ins. Co., v. Brand Mgmt. Service, Inc., No. 12-61670-civ, 2013 WL 4496510, at *2 (S.D. Fla. Aug. 22, 2013); Guididas v. Cmty. Nat'l Bank Corp., No. 8:11-cv-2545-T-30TBM, 2013 WL 230243, at *1 (M.D. Fla. Jan. 22, 2013); Gesell v. K-Mart Corp., No. 2:11-cv-130-FtM-36SPC, 2011 WL 3628878, at *1 (M.D. Fla. Aug. 3, 2011); Williams v. Asplundh Tree Expert Co., No. 3:05-cv-479-J20MCR, 2006 WL 2474042, at *2 (M.D. Fla. Aug. 25, 2006). In Reyher v. Trans World Airlines, Inc., 881 F. Supp. 574, 576 (M.D. Fla. 1995), the court explained that it would "not exercise its discretion under the rule to strike a pleading unless the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." Because this is a difficult standard to satisfy, "[m]otions to strike are generally disfavored by the Court and are often considered time wasters." Somerset Pharm., Inc., v. Kimball, No. 94-247-civ-T-17A, 168 F.R.D. 69, 71 (M.D. Fla. 1996) (internal quotations omitted). When it evaluates a motion to strike, the court "must treat all well pleaded facts as admitted and cannot consider matters beyond the pleadings." Florida Software Sys. v. Columbia/HCA Healthcare Corp., No. 97-2866-cv-T-17B, 1999 WL 781812, at *1 (M.D. Fla. Sept. 16, 1999).

Plaintiff is suing Defendant for violation of the Age Discrimination in Employment Act (the "ADEA"), 29 U.S.C. § 621 *et seq.*[1] (Doc. 19). A person aggrieved under the ADEA can bring a civil action "for such legal or equitable relief as will effectuate the purposes of" the ADEA. 29 U.S.C. § 626(b). Plaintiff's amended

---

[1] The introduction to the amended complaint references FLA. STAT. 760.10, unidentified Florida Labor Laws, and unidentified provisions of The Florida Constitution but no claims for violations of these laws are included in the body of the amended complaint (Doc. 19).

complaint includes prayers for special damages, compensatory damages, general damages, damages for mental and emotional distress, physical injuries, anguish, and other special and general damages (Doc. 19 at 3).  Defendant is asking the Court to strike these damage claims (Doc. 24).

General damages, including damages for pain and suffering are not recoverable in a private action brought under the ADEA.  Dean v. Am. Sec. Ins. Co., 559 F.2d 1036, 1038 (5th Cir. 1977).[2]  The Dean court also held that while the ADEA provides for liquidated damages, punitive damages are not available.  Id. at 1039.  See also Snapp v. Unlimited Concepts, Inc., 208 F.3d 928, 938 (11th Cir. 2000); Canty v. Fry's Elec., Inc., 736 F. Supp. 2d 1352, 1380 (N.D. Ga. 2010) (General damages for pain, suffering, and mental distress, along with damages for extreme emotional distress, mental anguish, impairment of the quality of life, shame, humiliation, pain and suffering, and inconvenience are not recoverable under the ADEA.); Dapelo v. Banco Nacional De Mexico, 767 F. Supp. 49, 50-51 (S.D.N.Y. 1991) (The ADEA does not provide for recovery of compensatory or punitive damages.).  Consequently, Plaintiff's claims for punitive and general damages including damages for mental and emotional distress, physical injuries, anguish, and other general damages are due to be stricken.  Plaintiff's claim for physical injuries is also due to be stricken because he has not alleged that he suffered any physical injuries.

The amended complaint also seeks damages based upon Defendant's maintenance of a hostile environment (Doc. 19 at 4).  Defendant seeks to strike this

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit handed down on or before September 30, 1981.

prayer for relief on the ground that the Eleventh Circuit has not decided whether a hostile environment claim is viable under the ADEA.  U.S. E.E.O.C. v. Massey Yardley Chrysler Plymouth, Inc., 117 F.3d 1244, 1249 (11th Cir. 1997).  This is not a persuasive reason to strike the prayer.  The Fourth, Fifth and Sixth Circuits have held that the hostile environment theory is applicable under the ADEA.  Buchhagen v. ICF Intern., Inc., 545 F. App'x. 217, 219 (4th Cir. 2013); Reed v. Neopost USA, Inc., 701 F.3d 434, 442-43 (5th Cir. 2012); Crawford v. Medina Gen. Hosp., 96 F.3d 830, 834 (6th Cir. 1996).  The Seventh Circuit has assumed, without deciding the question, that the hostile environment theory applies under the ADEA.  Racicot v. Wal-Mart Stores, Inc., 414 F.3d 675, 678 (7th Cir. 2005).  And, in Brennan v. Metro. Opera Ass'n, Inc., 192 F.3d 310, 318 (2d Cir. 1999), the Second Circuit treated hostile environment as a viable theory under the ADEA without discussing the issue.  Thus, there is reason to believe the Eleventh Circuit will, at the appropriate time, recognize an ADEA claim based upon a hostile work environment.

But, Plaintiff has not stated a cause of action for the maintenance of a hostile environment.  "[T]o establish a hostile work environment claim [Plaintiff must] show: "(1) that [s]he belongs to a protected group; (2) that [s]he has been subject to unwelcome harassment; (3) that the harassment must have been based on a protected characteristic of the employee, such as national origin; (4) that the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment; and (5) that the employer is responsible for such environment under either a theory of vicarious or of direct liability.  Miller v. Kenworth of Dothan, Inc., 277 F.3d 1269, 1275 (11th Cir. 2002).  Apart from averring that he is more than 40 years old and thus, part of a

-4-

protected class, Plaintiff has not alleged any facts to meet the requirements to state a cause of action for hostile environment (Doc. 19).  Because Plaintiff has not alleged a claim for hostile environment, his prayer for relief based on the theory is due to be stricken.

The amended complaint includes an allegation that Defendant engaged in "despicable" conduct (Doc. 19, ¶ 13).  Defendant has motioned the Court to strike the word "despicable."  Whether Defendant's conduct was "despicable" is a question of fact, not appropriately decided on this motion to strike.

Now, Defendant's motion to strike is **GRANTED to the extent that** Plaintiff's prayers for punitive damages, general damages, damages for mental and emotional distress, damages for physical injuries, damages for anguish, other general damages, and damages for the maintenance by Defendant of a hostile environment are **STRICKEN** from the amended complaint.  In all other respects, the motion to strike is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida, on May 5, 2015.

*[signature]*

THOMAS B. SMITH
United States Magistrate Judge

Copies to all Counsel